**COGBURN LAW OFFICES**
ANDREW L. REMPFER, ESQ.
Nevada Bar No. 8628
alr@cogburnlaw.com
JAMIE S. COGBURN, ESQ.
Nevada Bar No.: 8409
jsc@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
(702) 384-3616
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JALLOH SULIAMAN, an individual; BARBARA TOVAR, an individual; and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHWESTERN FURNITURE STORES OF WISCONSIN, LLC, d/b/a "ASHLEY FURNITURE", a foreign corporation; ASHLEY FURNITURE INDUSTRIES, INC., DOES I through V, inclusive; and ROE corporations I through V, inclusive,<br><br>Defendants. | **COMPLAINT** |

Plaintiffs JALLOH SULIAMAN and BARBARA TOVAR ("Plaintiffs"), as individuals and on behalf and all others similarly situated, by and through the law firm of Cogburn Law Offices, hereby file their Complaint against Ashley Furniture SOUTHWESTERN FURNITURE STORES OF WISCONSIN, LLC, d/b/a "ASHLEY FURNITURE" ("Ashley Furniture") and ASHLEY FURNITURE INDUSTRIES, INC. ("Ashley Industries")(collectively, "Ashley Furniture") for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA").

**GENERAL ALLEGATIONS**

1. Plaintiffs work for Ashley Furniture as a "Sales Associates" in Ashley Furniture's retail furniture sales stores.

2. Ashley Furniture classified Plaintiffs, and all others similarly situated, as 'exempt' from the overtime provisions of the Fair Labor Standards Act.

3.   Plaintiffs allege for themselves, and all others similarly situated, Ashley Furniture intentionally misclassified Plaintiffs as 'exempt' from the FLSA's overtime provisions.

4.   Ashley Furniture has employed, and continues to employ, sales associates like Plaintiffs nationwide. Upon information and belief, all of Ashley Furniture's sales associates were misclassified as exempt from overtime.

5.   Plaintiffs, like their fellow sales associates and members of the putative class working in various stores owned and operated by Ashley Furniture across the nation, were paid on a salary basis and improperly classified by Ashley Furniture as exempt employees under the FLSA. Plaintiffs, and all others similarly situated, are therefore entitled overtime for hours they worked in excess of forty (40) hours per week.

6.   Plaintiffs, and all others similarly situated, were required as a condition and term of employment to work, on average, a minimum of 8 to 10 hours per week of overtime. This was a corporate-wide policy, program and or practice Ashley Furniture applied at all its stores nationwide.

7.   Plaintiffs bring these claims individually and on behalf of all non-exempt employees subject to Ashley Furniture's illegal wage-and-hour practices.

8.   Ashley Furniture willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized, or otherwise participated in the unlawful acts alleged. The collective action claims are for overtime compensation, liquidated damages, or interest, and attorneys' fees and costs, under the FLSA, 29 U.S.C. §§ 207 and 216(b).

**THE PARTIES**

9.   Ashley Furniture is a foreign company registered to, and conducting business in, Nevada.

10.   Ashley Furniture operates over 300 retail furniture stores nationwide.

11.   Upon information and belief, Ashley Furniture employs thousands of sales associates throughout the United States.

12.   Upon information and belief, Ashley Industries directly or indirectly provides administrative services and support (including business guidelines, employee benefit plans, tools,

1  customer service, insurance, technology, legal and logistical services to Ashley Furniture.

2      12.    Ashley Furniture and Ashley Industries are an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. §203 (r)(1). More specifically, Ashley Furniture is engaged in an enterprise or commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA Ashley Furniture and Ashley Industries have engaged in annual gross volume of sales made or business done exceeds $500,000.00 minimum threshold requirement of the FLSA, exclusive of excise taxes.

    13.    At all times hereto, Ashley Furniture or Ashley Industries were Plaintiffs' "employer" and thus subject to the FLSA, 29 U.S.C. §201 *et seq.*

    14.    The true names of DOES I through X and Roe Corporations I through X, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to Plaintiffs who therefore sue this Ashley by such fictitious names. Plaintiffs are informed and believe, and therefore allege, that Ashley entities, including DOES I through X and Roe Corporations I through X, were individuals who are in some manner negligent and wrongful towards Plaintiffs, caused injury to Plaintiffs, or otherwise damaged Plaintiffs. Plaintiffs are further informed and believe, and therefore allege, that each of the Ashley entities, designated as DOES I through X and Roe Corporations I through X, are or may be, legally responsible for the events referred to in this action and other events not mentioned in this action, and caused damages to Plaintiffs including but not limited to causing Plaintiffs to not be paid their lawful wages. Plaintiffs will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Ashley entities, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

## JURISDICTION AND VENUE

    15.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1343(3) as the controversy arises under the laws of the United States. Specifically, the claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et. seq. (FLSA).

    16.    Supplemental jurisdiction is appropriate for Plaintiffs' state law claims

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

pursuant to 28 U.S.C. § 1367(a).

17. Venue is proper in the District of Nevada (and its unofficial Southern District) because Ashley conduct business and maintained offices in Clark County, Nevada.

**GENERAL ALLEGATIONS**

18. Upon information and belief, Ashley Furniture operates all stores under the same employee policies, procedures and job descriptions.

19. Upon information and belief, all sales associates are supervised by Store Managers.

20. Upon information and belief, the job description for the Sales Associate position is the same for all stores.

21. Plaintiffs and members of the class worked substantial overtime hours on a regular and weekly basis.

22. Plaintiffs, and all others similarly situated, were improperly classified as exempt from the overtime provisions of the FLSA.

23. Plaintiffs, and all others similarly situated, primary duties, responsibilities and actual working tasks, as whole, establish they were not properly classified as exempt from the overtime provisions of the FLSA.

24. Plaintiffs, and all others similarly situated, primary duties did not include matters significant discretion or authority. Plaintiffs, and all others similarly situated, did not manage or supervise employees.

25. Plaintiffs, and all others similarly situated, did not have authority to hire, fire or increase/decrease compensation of employees. Nor did Plaintiffs, and all others similarly situated, have the authority to promote or demote employees or make any other personnel decision.

26. Plaintiffs are paid a mixture of salary and commissions. Plaintiffs' salary, combined with commissions, is improperly calculated to deprive Plaintiffs, and all others similarly situated, the overtime hours they worked.

27. Ashley has illegally computed the "regular rate" of pay over a "representative

1 period" by 'backing-out' a sales associates' pay such that their hourly rate never compensates them at a 'true' one-and-a-half overtime rate for time worked in excess of forty hours. That results in a loss of the retail sales overtime exemption pursuant to 29 C.F.R. § 779.412.

28. Ashley does not have a 'bona fide' commission rate because its own pay records fail to establish, in terms of a percentage, the sales which the establishment stands to make vis-à-vis its sales employees' sales, pursuant to 29 C.F.R. § 779.416(c).

29. Plaintiffs, and all others similarly situated, averaged closer to 50-55 hours per week, sometimes more.

30. Plaintiffs all worked under the same job description, performed the same general duties and tasks and are all similarly situated for purposes of the FLSA.

31. Ashley willfully violated the FLSA by failing to pay Plaintiffs and others similarly situated the proper overtime compensation for all hours worked in excess of forty (40) per week. There are more than 300 stores nationwide, each modeled with uniformity and each with Store Managers.

32. The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half times their regular rate of pay for any hours over forty (40) worked in a week. 29 U.S.C. § 207(a)(1). Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in this dispute.

33. Unless proved to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week. Ashley bears the burden to prove the propriety of any overtime exemption.

34. Plaintiffs and members of the class were, and continue to be, required to work more than forty (50) hours a week during the course of their employment with Ashley

35. Plaintiffs allege on their behalf, and all others similarly situated, that Ashley s failure to pay overtime and other compensation was and is knowing and willful. Accordingly, Plaintiffs and the Class seek and are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid. This includes liquidated damages, prejudgment interest, attorneys' fees and costs under the FLSA's three (3) year statute of

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

1  limitations.

## ASHLEY'S FAILURE TO MAINTAIN TRUE & ACCURATE TIME RECORDS

36. Ashley possesses evidence reflecting the precise number of overtime hours Plaintiffs, and all others similarly situated, worked.

37. To the extent these records are unavailable, Plaintiffs, and all others similarly situated, may prove the hours they worked solely by their testimony. The burden then shifts to Ashley to disprove Plaintiffs, and all others similarly situated, testimony.

38. All employers, including Ashley, are subject to the record keeping requirements imposed by 29 C.F.R. § 516.2 and 29 U.S.C. §§ 211 and 216.

39. Ashley has failed to make, keep and preserve these records regarding Plaintiffs, and all others similarly situated, in violation of 29 C.F.R. § 516.2 and 29 U.S.C. §§ 211 and 216.

40. In fact, Plaintiffs, on behalf of numerous opt-in Plaintiffs who have joined this lawsuit sought their employment records from Ashley pursuant to N.R.S. § 608.115, N.A.C. § 608.140 and N.R.S. § 613.075. Ashley has failed to produce those records in a timely manner for several opt-in Plaintiffs.

41. Apparently, Ashley does not have those records because of some alleged technical difficulties with its computer system.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

43. Plaintiffs fairly and adequately represent and will protect the interests of the class. They have retained counsel with experience litigating such claims.

44. A collective action suit, such as this, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually redress the wrongs done to them.

45. Furthermore, even if any member of the Class could afford individual litigation against Ashley, it would be unduly burdensome to the judicial system. The collective action is, therefore, the most efficient method by which to resolve these claims.

46.     Common questions of fact and law predominate the Class as a whole. Those include:

  a.     Whether Ashley employed members of the Class within the meaning of the applicable provisions of the FLSA;

  b.     Whether Plaintiffs, and others similarly situated, were or are properly classified as exempt pursuant to the protections of the FLSA;

  c.     Whether Ashley and members of the Class were expected to, or mandated to regularly work in excess of forty (40) hours per week;

  d.     Whether Ashley knowingly failed to maintain and preserve accurate and true records of all hours worked and wages earned by the Class; and,

  e.     Whether Plaintiffs and the Class have sustained damages and, if so, what is the proper measure of them.

47.     Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute the FLSA claims as a collective action on behalf of:

  a.     All Sales Associates who worked for Ashley Furniture as employees in the past three years preceding this lawsuit, to the day of trial, and elect to opt-in to this action pursuant to 29 U.S.C. § 216(b); and,

  b.     Who worked in excess of forty (40) hours during one or more work weeks but were not paid overtime compensation for their time.

48.     Notice of the pendency and any resolution of this action can be provided to Collective Action members by mail, print or Internet publications.

## **FIRST CLAIM FOR RELIEF**

(Violation of 29 U.S.C. § 207)

49.     Plaintiffs hereby repeat and reallege each allegation above as if fully set forth herein.

50.     This claim arises from Ashley Furniture's violation of the FLSA, 29 U.S.C. § 201 et. seq., for its misclassification of and consequent failure to pay overtime wages to Plaintiffs and all others similarly situated for all time they worked in excess of forty (40) hours in individual

work weeks.

51. Ashley Furniture employed Plaintiffs as "employees" within the meaning of § 3(e)(1) of the FLSA at all relevant times.

52. Plaintiffs were employed by Ashley Furniture as retail "sales associates" and labored under the same job description, had the same general job duties, tasks, requirements and expectations and were paid in a similar fashion.

53. Plaintiffs were improperly exempted from the FLSA's overtime provisions by Ashley Furniture's improper usage of the applicable FLSA regulations discussed above in paragraphs 26 through 33, which are reincorporated here by this reference.

54. The FLSA exemptions do not apply under these circumstances because Ashley Furniture has retroactively created a false pay rate, which does not properly represent any bona fide commission rate and does not properly calculate Plaintiffs' pay over a prevailing period of time. That results in a deprivation of overtime hours Plaintiffs worked and thus violates the FLSA.

55. There are possibly thousands of sales associates who work at Ashley Furniture's 300 (plus) locations nationwide.

56. Plaintiffs have been employed by Ashley Furniture during the time period pertinent to this Complaint and during a period of three years immediately preceding its filing.

57. Pursuant to 29 U.S.C. § 207, Plaintiffs – and those similarly situated – were entitled compensation at a rate of one-and-a-half times their regular hourly rate of pay for all time worked in excess of forty hours per week.

58. Ashley Furniture has failed to pay Plaintiffs, and all others similarly situated, their overtime hours.

59. Ashley Furniture's failure and refusal to pay lawful wages, including overtime wages to Plaintiffs and all others similarly situated for all time worked in excess of forty (40) hours per week, violates the FLSA, 29 U.S.C. § 207.

60. Ashley Furniture willfully violated the FLSA by refusing to pay Plaintiffs, and those similarly situated, all lawful wages, including overtime wages.

61. The named Plaintiffs seek for themselves, and all others similarly situated who consent in writing to join this action, a judgment for unpaid overtime wages, additional liquidated damages of 100% of any unpaid overtime wages, with such sums determined based upon an accounting of the hours worked by, and wages actually paid to, the named Plaintiffs and any other people who consent to join this action. Plaintiffs also seek an award of attorneys' fees, interest and costs as provided by the FLSA.

**WHEREFORE**, Plaintiffs prays for judgment against Ashley Furniture as follows:

1. A judgment in the amount of one and one-half times Plaintiffs and those similarly situated for their hourly wage rate for all time which Plaintiffs, and those similarly situated, worked in excess of forty (40) hours per week;

2. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

3. Reasonable attorneys' fees and costs incurred in filing this action;

4. Compensatory Damages in excess of $10,000;

5. Special Damages in excess of $10,000; and

6. Such other and further relief as this Court deems appropriate and just.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiffs hereby demand a jury trial.

Dated: November 5, 2014                    Respectfully Submitted By:

COGBURN LAW OFFICES



Andrew L. Rempfer, Esq.