**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| JALLOH SULIAMAN, an individual; BARBARA TOVAR, an individual; and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHWESTERN FURNITURE STORES OF WISCONSIN, LLC, d/b/a "ASHLEY FURNITURE", a foreign corporation; ASHLEY FURNITURE INDUSTRIES, INC.; DOES I through V, inclusive; and ROE CORPORATIONS I through V, inclusive,<br><br>Defendants. | Case No. 2:14-cv-01854-APG-PAL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(Dkt. #57) |

The plaintiffs have brought claims against Southwestern Furniture Stores of Wisconsin, LLC ("SWF") and Ashley Furniture Industries, Inc. ("AFI") for violations of the Fair Labor Standards Act ("FLSA"). The plaintiffs allege that they, and other sales associates similarly situated, were (1) improperly exempted from the FLSA's overtime provisions and thus not paid the overtime they were entitled to, and (2) improperly deducted meal breaks and customers' order cancellations, which resulted in their pay falling below minimum wage.

AFI moves to dismiss the claims against it for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). It argues that the plaintiffs' amended complaint fails to allege specific facts supporting the conclusory allegation that the plaintiffs were employed by AFI. It also contends that the plaintiffs have pleaded no facts demonstrating that AFI exerts any control or influence over the plaintiffs' employment. I grant AFI's motion to dismiss, with leave for the plaintiffs to amend to add sufficient factual allegations to support their claims if such facts exist.

## I. BACKGROUND

The plaintiffs allege that they work for "Ashley Furniture" as sales associates in its retail furniture stores.[1] (Dkt. #17 at 1.) The plaintiffs allege that AFI provides administrative services to Ashley Furniture. (*Id*. at 3.) They also contend that "[a]t all times hereto, Ashley Furniture or AFI were Plaintiffs' 'employer.'" (*Id.*) They further allege that Ashley Furniture and AFI are an "enterprise" as defined in the FLSA. (*Id.*) All other allegations in the amended complaint are made against "Ashley Furniture" or the undefined "Ashley."

The plaintiffs allege that they worked substantial overtime hours on a regular basis. (*Id.* at 4.) They claim that their primary duties did not include matters of significant discretion or authority; that they did not manage or supervise other employees; and that they did not have the authority to hire, fire, or change any employee's compensation. (*Id.* at 4-5.) Despite this, they contend that they were improperly exempted from the FLSA's overtime provisions. (*Id.* at 2.) They allege that Ashley Furniture willfully violated the FLSA by "illegally comput[ing] the 'regular rate' of pay over a 'representative period' by 'backing-out' a sales associates' pay such that their hourly rate never compensates them at a 'true' one-and-a-half overtime rate for time worked in excess of forty hours." (*Id.* at 5.) The plaintiffs claim that this "results in a loss of the [FLSA's] retail sales overtime exemption." (*Id.*) The plaintiffs also claim that Ashley Furniture failed to make, keep, and preserve records of the overtime hours worked by the plaintiffs and others similarly situated, in violation of the FLSA.

In addition, the plaintiffs allege that Ashley Furniture automatically deducts one hour for lunch from its employees' pay, even if the employee does not actually take a lunch. (*Id.* at 9.) They further contend that Ashley Furniture automatically deducts customers' order cancellations from its employees' pay, even if those cancellations were not the employee's fault. (*Id.* at 9-10.) The plaintiffs claim that doing this results in the employees' wages falling below the federal minimum wage, and thus violates the FLSA. (*Id.* at 10.)  Based on the above, the plaintiffs assert

---

[1] The plaintiffs' amended complaint defines "Ashley Furniture" in two different ways: as SWF d/b/a Ashley Furniture, and collectively as both SWF and AFI. (Dkt. #17 at 1.)

1 claims on behalf of themselves and other sale associates against Ashley Furniture for violations of
2 sections 207 and 206(a)(1)(C) of the FLSA.

3 **II.     ANALYSIS**

4 In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken
5 as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v.*
6 *Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  However, I do not assume the truth
7 of legal conclusions merely because they are cast in the form of factual allegations in the
8 plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).
9 A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief.
10 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more
11 than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at
12 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
13 court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The
14 plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer
15 possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
16 (internal citation omitted).

17 The FLSA requires employers to pay a minimum wage and overtime to employees who
18 are employed in an enterprise engaged in commerce. 29 U.S.C. §§ 206, 207.  An employer who
19 violates these provisions is liable for the unpaid wages and overtime compensation of the affected
20 employees, as well as for an equal amount as liquidated damages. *Id*. § 216(b).  The FLSA
21 defines "employer" as "any person acting directly or indirectly in the interest of an employer in
22 relation to an employee." *Id*. § 203(d).

23 Under the FLSA, two or more employers may employ a person jointly. *Bonnette v. Cal.*
24 *Health & Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983), *abrogated on other grounds by*
25 *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 539 (1985); 29 C.F.R. § 791.2(a).
26 Each joint employer is individually responsible for complying with the FLSA with respect to the
27 entire employment. *Bonnette*, 704 F.2d at 1469 (citing 29 C.F.R. § 791.2(a)).  "[T]he concept of
28

joint employment should be defined expansively under the FLSA." *Torres–Lopez v. May*, 111 F.3d 633, 639 (9th Cir. 1997). The Department of Labor's regulation sets forth examples of joint employment situations:

> (b) Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
>
>> (1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or
>>
>> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>>
>> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 791.2(b) (footnotes omitted).

When determining if a joint employer relationship exists, the Ninth Circuit applies an "economic reality" test. *Torres–Lopez*, 111 F.3d at 639. Under this test, I consider all factors relevant to the particular situation to evaluate the economic reality of an alleged joint employment relationship. *Id*. These factors include "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of payment, (3) determined the rate and method of payment, and (4) maintained employment records." *Moreau v. Air France*, 356 F.3d 942, 946-47 (9th Cir. 2004) (quotation omitted). The test is not mechanical and these are not the only factors I may consider. *Bonnette*, 704 F.2d at 1470. Ultimately, the "determination must be based upon the circumstances of the whole activity." *Id*. (quotation and citation omitted).

As mentioned above, the plaintiffs' amended complaint defines "Ashley Furniture" in two different ways, but primarily uses that term (or "Ashley") to collectively refer to both defendants SWF and AFI. No factual allegations are made specifically against either SWF or AFI. The plaintiffs allege that Ashley Furniture and AFI are an "enterprise," that AFI provides

administrative services to Ashley Furniture, and that "Ashley Furniture or AFI were Plaintiffs' 'employer.'" (Dkt. #17 at 3.)  But these assertions are general legal conclusions which the plaintiffs do not support with factual allegations.  For example, the plaintiffs offer no factual allegations explaining the relationship between the two entities, detailing any joint or shared employment relationship, or describing who controls (e.g., pays, schedules, hires, fires) the employees.  There are also no factual allegations explaining each of the defendants' roles in the alleged FLSA violations.

Taking all of the factual allegations alleged in the amended complaint as true, the plaintiffs do not state a plausible claim for relief against either defendant as any plaintiff's employer or joint employer.  The plaintiffs have not alleged which defendant is their employer or any facts supporting joint employment by SWF and AFI.  The plaintiffs argue in their opposition that they "alleged in their [amended complaint] that AFI and SWF are one in [sic] the same." (*Id.* at 9.)  This allegation, while perhaps implied, is not actually alleged in the amended complaint.  Even if it were, such a statement is conclusory and not supported by factual allegations detailing how SWF and AFI are "one and the same."  To survive a motion to dismiss, the plaintiffs must allege facts which show they plausibly are entitled to relief from each defendant as either an employer or joint employer. *See Leber v. Berkley Vacation Resorts, Inc.*, No. 2:08-cv-01752-PMP-PAL, 2009 WL 2252517, at *6 (D. Nev. July 27, 2009).  AFI is entitled to know the specific conduct it allegedly engaged in which gives rise to its potential liability.  I therefore grant AFI's motion to dismiss, without prejudice.  The plaintiffs will be permitted to amend their pleading to assert the requisite facts, if such facts exist.

**III.   CONCLUSION**

IT IS THEREFORE ORDERED that defendant Ashley Furniture Industries, Inc.'s motion to dismiss **(Dkt. #57) is GRANTED**.

IT IS FURTHER ORDERED that the plaintiffs are granted leave to file a Second Amended Complaint, if they have facts to cure the deficiencies discussed in this Order.  That

amended complaint must be filed within 30 days of entry of this Order.  Failure to do so will result in the file being closed.

DATED this 31st day of March, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE