UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JALLOH SULIAMAN, an individual;
BARBARA TOVAR, an individual; and
on behalf of all others similarly situated,

Plaintiffs,

v.

SOUTHWESTERN FURNITURE STORES
OF WISCONSIN, LLC, d/b/a "ASHLEY
FURNITURE", a foreign corporation;
ASHLEY FURNITURE INDUSTRIES, INC.;
DOES I through V, inclusive; and ROE
CORPORATIONS I through V, inclusive,

Defendants.

Case No. 2:14-cv-01854-APG-PAL

**ORDER DENYING CONDITIONAL CLASS CERTIFICATION**

(Dkt. #35)

The plaintiffs bring claims against Southwestern Furniture Stores of Wisconsin, LLC ("SWF") and Ashley Furniture Industries, Inc. ("AFI") for violations of the Fair Labor Standards Act ("FLSA"). The plaintiffs allege that they, and other sales associates similarly situated, were misclassified and improperly exempted from the FLSA's overtime provisions and thus denied overtime compensation they were entitled to under section 207 of the FLSA.

The plaintiffs move for conditional certification of this claim as a collective action, for approval of their proposed class notice, for an order directing the defendants to disclose the names and contact information for employees in the proposed class, and for tolling of the statute of limitations.[1] In a previous order, I granted defendant AFI's motion to dismiss. (Dkt. #78.)

---

[1] The plaintiffs' complaint also alleges that the plaintiffs were improperly deducted meal breaks and customers' order cancellations, which resulted in their pay falling below the federal minimum wage. However, their motion for class certification focuses on the alleged FLSA violation related to failure to pay overtime. Thus, it appears the plaintiffs are seeking conditional class certification only on their overtime wage claim. Regardless, even if their motion for conditional class certification was for all claims in the complaint, it would still be denied for the reasons set forth below.

1  SWF is thus the only remaining defendant in the case. I therefore review the plaintiffs' motion
2  for conditional class certification only as to SWF.
3        Based on the reasoning set forth below, I decline to conditionally certify this as a
4  collective action. The plaintiffs seek a nationwide class certification of all commission-based
5  sales associates who work for "Ashley" or "Ashley Furniture" but have not met their burden of
6  showing that all members of the proposed class are similarly situated. The plaintiffs' request that
7  I approve the proposed class notice and their request that the defendants disclose employee
8  information for the proposed class are thus denied as moot. I also deny as moot the plaintiffs'
9  request to toll the statute of limitations.

10  **I.    BACKGROUND**

11        The plaintiffs claim they work or worked for "Ashley Furniture" or "Ashley" as sales
12  representatives in its retail furniture stores. (Dkt. #35 at 1.) The plaintiffs contend that Ashley
13  failed to pay them, and other employees similarly situated, overtime wages for the hours they
14  worked in excess of forty hours per week. (*Id*.) They argue that Ashley's payroll registers were
15  utilized company-wide and show that Ashley's corporate pay policies resulted in the denial of
16  overtime wages to its retail sales personnel, including the named plaintiffs and other Ashley
17  employees who work in California, New York, Texas, Utah, Wisconsin, Arizona, and Nevada.
18  (*Id*. at 1-2.) The plaintiffs contend that Ashley's "Payroll Registers[,] Radio Equipment
19  paperwork[, and] overall generic application of every 'Ashley'-based policy, form, document and
20  process" proves that their claim deserves nationwide class certification. (*Id.* at 9.)
21        In support, the plaintiffs have attached print-outs of payroll registers for several
22  employees. (*See, e.g.*, Dkt. #35-9 at 37, Dkt. #35-10 at 3.) The payroll registers list "The Ashley
23  Companies" at the top and immediately below state "Company is 'SWF - Southwestern Furniture
24  Stores of Wisconsin, LLC.'" (*See e.g.*, Dkt. #35-9 at 37, Dkt. #35-10 at 3.) The plaintiffs have
25  also submitted affidavits and/or "Plaintiff Consent Form[s]" (a.k.a. "opt-in" forms) for
26  approximately 11 employees. (Dkt. #35-9 through #35-12.) These affidavits and opt-in forms are
27  from employees who state that they are or were sales representatives employed by "Ashley
28

Furniture" and worked overtime which they were not compensated for, in violation of the FLSA. (*See, e.g.*, *id.*, Dkt. #35-10 at 33-43.) None of the affidavits or opt-in forms define "Ashley Furniture" or state whether the employee was employed by AFI, SWF, or both.

The plaintiffs' motion for class certification defines "Ashley" as collectively referring to both SWF and AFI.[2] (*Id.* at 1.) The plaintiffs claim that all Ashley entities are indivisible and one and the same. (*Id.* at 3.) They argue that "'Ashley' is the alter ego of every entity in this dispute, and those not yet named." (*Id.* at 9.) In support, the plaintiffs attach the personnel files and payroll register details for several employees which have the "Ashley Furniture HomeStores" logo at the top of various forms. (*See, e.g.*, Dkt. #35-1, #35-2, & #35-3.) The plaintiffs also attach screenshots from AFI's website that show announcements for new stores. (*See, e.g.*, Dkt. #35-12 at 50.) In general, these announcements state the name of the licensee company (e.g., Kingswere Furniture, LLC) that will be operating the new store and notes that the store with be "doing business as" Ashley Furniture HomeStores. (*See, e.g.*, *id.*)

SWF responds that it is an independently owned and operated corporation that currently operates retail furniture stores doing business as "Ashley Furniture HomeStores" in Arizona, Utah, and Nevada. (Dkt. #55-1 at 3-4.) It states that it also owned and operated stores in southern California until September 2014. (*Id.* at 4.) SWF estimates that it has employed between 750 and 1,000 sales associates from August 2011 to the present. (*Id.*)

SWF states that both of the named plaintiffs and all opt-in plaintiffs[3] were employed solely by SWF during the relevant time period. (*Id.* at 3.) It further states that SWF was solely responsible for setting and determining the amount and manner in which its sales associates were

---

[2] The motion specifically defines Ashley as "Ashley Furniture, Ashley Home Stores, [and] Southwest [sic] Furniture of Wisconsin." (Dkt. #35 at 1.) However, Ashley Furniture Industries, Inc. and Southwestern Furniture Stores of Wisconsin, LLC were the only defendants named in this case. It is unclear what legal entity "Ashley Homes Stores" refers to, but regardless, it is not a defendant in this case.

[3] The affidavit from SWF's Director of Human Resources states that "I have reviewed the list of all the Plaintiffs in this case and all of these individuals were employed solely by SWF as sales associates." (Dkt. #55-1 at 3.) It is unclear to what list the statement refers. However, the plaintiffs never dispute that all named and opt-in plaintiffs were employed by SWF.

paid. (*Id.* at 7.) SWF also states that SWF sales managers and store managers are solely responsible for determining and setting the schedules for sales associates. (*Id.*) SWF acknowledges that many of the policy documents created, used, and distributed by SWF have the Ashley Furniture HomeStores name or logo on them, but states that these documents were not created by or given to SWF by any other entity. (*Id.* at 9.) Rather, SWF states that it uses that name because that is the trade name under which it does business. (*Id.*) It received permission to use the name, brand identity, and logos from Ashley HomeStores, Ltd. (*Id.*)

SWF further states that SWF's sales commission plans vary substantially from state-to-state in order to ensure compliance with each state's specific wage and hour laws. (*Id.*) For example, it states that since March 2014, all of SWF's sales associates in Utah are paid on an hourly basis and work part-time schedules. (*Id.* at 4.) SWF's sales associates in Utah are eligible for bonuses, but do not earn commissions. (*Id.*) Prior to March 2014, all SWF sales associates in Utah worked on a 100% commission basis. (*Id.*) In Las Vegas, where the vast majority of the plaintiffs appear to have worked, since March 2015 all sales associates are paid on an hourly basis and work part-time schedules, except for certain associates who are designated "Mattress Experts" and work a full time schedule. (*Id.*) SWF's sales associates in Las Vegas are eligible for bonuses, but do not earn commissions, except in the case of "Master Sales Associates" who are eligible for commissions. (*Id.*) Prior to March 2015, all Las Vegas sales associates worked on a 100% commission basis. In Reno, Nevada and Arizona, sale associates are currently paid on a 100% commission basis. (*Id.*)

## II. ANALYSIS

The FLSA gives employees the right to sue their employer when they are not fairly compensated for their work. *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (internal quotation and citation omitted); *see also* 29 U.S.C. § 206-07 (providing an employee a right to sue an employer when the employer fails to pay minimum wages or overtime wages). Under the FMLA, employees may sue individually or as part of a collective action on behalf of themselves and other similarly situated employees. *Leuthold v. Destination Am., Inc.*, 224 F.R.D.

462, 466 (N.D. Cal. 2004) (citing 29 U.S.C. § 216(b)); *Does v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000)) (citation omitted).

Whether to permit a collective action under the FLSA is within my discretion, and neither the Supreme Court of the United States nor the Ninth Circuit Court of Appeals has yet defined "similarly situated." *Id.* (citation omitted); *Small v. Univ. Medical Ctr. of S. Nev.*, 2013 WL 3042454, 2:13-cv-00298-APG-PAL, at *1 (D. Nev. June 14, 2013). I will therefore follow the district courts in this circuit by considering conditional class certification in two stages. *Leuthold*, 224 F.R.D. at 466-67. In the first stage, courts determine whether the potential class should receive notice of the suit. *Id.* This determination is "based primarily on the pleadings and any affidavits submitted by the parties." *Id.* The standard at the notice stage is lenient and "require[s] little more than substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan." *Benedict v. Hewlett-Packard Co.*, 13-cv-00119-LHK, 2014 WL 587135, at *5 (N.D. Cal. Feb. 13, 2014) (quoting *Villa v. United Site Services of Cal.*, No. 5:12-cv-00318-LHK, 2012 WL 5503550, at *13 (N.D. Cal. Nov. 13, 2012) (citation omitted); *see also Cardoza v. Bloomin' Brands Inc.*, No. 13-cv-01820-JAD-NJK, 2014 WL 5454178, at *1 (D. Nev. Oct. 24, 2014) (quotation and citation omitted).

At this notice stage, I do not consider the merits of the plaintiffs' claims, resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations. *Velasquez v. HSBC Fin. Corp.*, 266 F.R.D. 424, 432 (N.D. Cal. 2010) (citations omitted); *see also Cardoza*, 2014 WL 5454178, at *1. Rather, the issue is whether the employees may be similarly situated such that notice should be sent to prospective plaintiffs giving them the opportunity to "opt in." *Velasquez*, 266 F.R.D. at 427.

The plaintiffs argue that conditional certification is appropriate because the named plaintiffs and all opt-in plaintiffs have testified that "Ashley" is "not reporting the 48 to 50 hours (plus) the sales people work." (Dkt. #35 at 6.) The plaintiffs represent that 62 plaintiffs from seven states have opted-in to join this lawsuit, but they cite no affidavit or other evidence to

support this number. (*Id.* at 2.) The plaintiffs submit affidavits and/or opt-in forms from 11 employees not including the named plaintiffs. (Dkt. #35-9 through #35-12.) However, the opt-in forms and affidavits that are not clear about who was each employee's direct employer. Rather, they all name "Ashley Furniture" as the employer, rather than AFI or SWF.[4] (*See, e.g.*, Dkt. #35-9 at 11-14, 28-35, 47-50.) In addition, the affidavits and opt-in forms do not specify the store each of the employees worked at or the location of the store (though the city and state may be inferred for some because the affidavits state where the affiant lives). (*See, e.g.*, *id.* at 11-14, 28-35, 47-50.)

The defendants deny that all employees in the plaintiffs' proposed class are similarly situated. They contend that SWF was the sole employer of all named and opt-in plaintiffs and that none of the plaintiffs was employed by AFI. Therefore, the plaintiffs are not situated similarly to all "Ashley" sales associates across the country. In addition, they argue that SWF does not have one national plan or policy related to its sales associates. Instead, SWF's sales commission plans vary substantially from state-to-state in order to ensure compliance with each state's specific wage and hour laws. Thus, they contend that even within SWF all sales associates are not similarly situated.

Even applying the lenient standard for conditional certification, and recognizing that only a modest showing is required at the notice stage, the evidence submitted by the plaintiffs is too sparse to grant conditional certification of a nationwide class on behalf of all sales associates who work for "Ashley" or "Ashley Furniture" and who are subject to "Ashley's 'Commission Policy.'" First, the only defendant left in this case is SWF and thus a conditional class certification could be only as to SWF employees. Even looking at only SWF sales associates, given the evidence submitted by SWF that their policies vary from state-to-state, coupled with the sparse evidence from the plaintiffs as to why these sales associates are all similarly situated, it is simply too much of a stretch to conclude that SWF's commissions-based sales associates across

---

[4] As noted above, SWF states that all of the named and opt-in plaintiffs were employed solely by it.

Case 2:14-cv-01854-APG-PAL   Document 79   Filed 04/08/16   Page 7 of 7

the country are all victims of a single decision, policy, or plan to deprive them of overtime compensation. The plaintiffs cite to the defendants' supposed failure to attach individual sales commissions policies for each state as proof that only one policy exists across all Ashley stores. But the plaintiffs submitted an affidavit from SWF that affirmatively states that policies differed from state to state and explains some of the differences. (*See* Dkt. #55-1 at 2-13.) Moreover, the plaintiffs themselves cite no affidavit or other evidence to rebut this sworn affidavit or to support their contention that only one policy existed.

The affidavits and opt-in forms submitted by the plaintiffs indicate that the plaintiffs may have individual FLSA claims against SWF. Additionally, the plaintiffs may have evidence showing that some subclass of SWF sales associates is being denied overtime compensation. But they have not submitted enough evidence to show that certification of a nationwide class is warranted. The plaintiffs' motion does not request, or provide evidence in support for, certification of an alternative, smaller class or subset. Therefore, I deny the plaintiffs' motion for conditional certification of a nationwide class.

The plaintiffs' requests that I approve the proposed class notice and order the defendants to disclose employee information for the proposed class are therefore denied as moot. In addition, the plaintiffs also requested that I toll the statute of limitations for all opt-in plaintiffs for the period of time this motion was pending and during the notice period. Because I am denying conditional class certification, this request is also moot.

## III.   CONCLUSION

IT IS THEREFORE ORDERED that the plaintiffs' motion for conditional class certification, approval of their proposed class notice, an order directing the defendants to disclose the names and contact information for employees in the proposed class, and tolling of the statute of limitations **(Dkt. #35) is DENIED**.

DATED this 8th day of April, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

Page 7 of 7